UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

Plaintiff,

v.                                          CAUSE NO. 3:23-CV-64-JD-JEM

JENNA SCHLARF,

Defendant.

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a case in state court that the defendant removed to federal court under 28 U.S.C. § 1441 because the complaint asserted a claim under 42 U.S.C. § 1983. ECF 3. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mayberry sues Jenna Schlarf, his caseworker when he lived in J Housing Unit at Miami Correctional Facility. He alleges that she began retaliating against him just two weeks after he filed a lawsuit against her and complained about her to prison officials. He alleges that throughout September 2022, she refused to mail his outgoing legal correspondence, she would reopen some of his legal correspondence and place them in

different envelopes, and she improperly tampered with his remittance slips for legal mail postage causing the postage to be denied. Mayberry also alleges that Schlarf confiscated three books from his cell while he was at work in order to deter him from filing future complaints. He further alleges she issued a false conduct report against him, which resulted in him losing his job for two days before the conduct report was dismissed.

"To prevail on his First Amendment retaliation claim, [Mayberry] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Giving Mayberry the benefit of all favorable inferences, as the court must at this stage of the case, he has stated a claim for retaliation against Schlarf.

In addition, Mayberry makes passing references to a claim based on freedom of speech under the First Amendment and a denial of access to the court under the Fourteenth Amendment. Neither of these claims, however, may proceed on this complaint.

Regarding the freedom of speech claim, Mayberry alleges that his freedom of speech was chilled when Schlarf "reopened my outgoing legal correspondences outside of my presence, after sealing them in my presence[.]" ECF 3 at 4-5. Prisoners generally have no right to privacy in outgoing correspondence. *See United States v. Whalen*, 940

F.2d 1027, 1035 (7th Cir. 1991) ("[B]ecause of their reasonable concern for prison security and inmates' diminished expectations of privacy, prison officials do not violate the constitution when they read inmates' outgoing letters." (alteration in original) (quoting *United States v. Brown*, 878 F.2d 222 (7th Cir. 1989)). The constitution places heightened protection on "legal mail," defined as mail to and from an inmate's attorney and properly designated as such; all other mail that the prison may designate as legal mail, such as mail to and from a court or other governmental office, receives the same constitutional protection as regular mail. *See generally Guajardo-Palma v. Martinson*, 622 F.3d 801 (7th Cir. 2010). Mayberry does not detail what "legal correspondence" was affected by Schlarf's actions, and therefore there is no basis to allow a claim here to proceed.

Regarding the access to the courts claim, Mayberry must allege that unjustified acts or conditions (by defendants acting under color of law) hindered his efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). Mayberry alleges that in September 2022, Schlarf "interfered with and hindered the submission and delivery of my outgoing legal correspondence, to wit, a notice of tort claim from March 10th, 2022, consequently, creating a procedural default that now bars me from proceeding with the same in state court[.]" ECF 3 at 5. Mayberry does not give details about the purported

defaulted tort claim or the circumstances around how Schlarf allegedly hindered the submission of this tort claim. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The complaint does not contain facts to allow a reasonable inference that Mayberry's access to the court was infringed.

Finally, Mayberry asks for injunctive relief. However, since this complaint was removed to federal court, Mayberry reports that he has been transferred to a new IDOC facility. ECF 7. When "a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Therefore, any claim for injunctive relief is moot.

For these reasons, the court:

(1) GRANTS Timothy Marcus Mayberry leave to proceed against Jenna Schlarf in her individual capacity for compensatory and punitive damages for retaliating against him for filing a lawsuit and prison complaint against her by refusing to mail his outgoing legal correspondence, reopening some of his legal correspondence and placing them in different envelopes, improperly tampering with his remittance slips for legal mail postage causing the postage to be denied, taking three of his books from his cell,

4

and issuing a false conduct report against him in September 2022, in violation of the

First Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service

from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Jenna Schlarf at the Indiana Department of Correction,

with a copy of this order and the complaint (ECF 3);

(4) ORDERS the Indiana Department of Correction to provide the full name, date

of birth, and last known home address of any defendant who does not waive service if

it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Jenna Schlarf to respond, as provided

for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims

for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 30, 2023

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT