UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-64-JD-JEM |
| JENNA SCHLARF, | |
| Defendant. | |

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion for leave to file an amended complaint. ECF 22. He attached a proposed amended complaint and exhibits to his motion. ECF 22-1, 22-2. Because he filed the motion within 21 days after defendant Jenna Schlarf filed her answer and it is his first time amending his complaint, he does not need court approval to file it. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading . . .."). Therefore, the court will grant the motion.

The amended complaint, however, must be screened pursuant to 28 U.S.C. § 1915A. Under § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In the prior screening order, Mayberry was granted leave to proceed "against Jenna Schlarf in her individual capacity for compensatory and punitive damages for retaliating against him for filing a lawsuit and prison complaint against her by refusing to mail his outgoing legal correspondence, reopening some of his legal correspondence and placing them in different envelopes, improperly tampering with his remittance slips for legal mail postage causing the postage to be denied, taking three of his books from his cell, and issuing a false conduct report against him in September 2022, in violation of the First Amendment[.]" ECF 9 at 4-5. But the court dismissed claims concerning Mayberry's right to free speech under the First Amendment and the right to access the courts under the Fourteenth Amendment.

The amended complaint repeats the allegations concerning the First Amendment retaliation claim, and that claim remains unchanged. The court will therefore allow that claim to proceed without further discussion. Mayberry reasserts the dismissed federal claims—(1) denial of access to the courts and (2) impinging on attorney-client communications—and adds in additional State claims – (3) intentional infliction of emotional distress, (4) defamation *per se*, and (5) perjury. However, none of those state a claim for relief.

### (1) Denial of Access to the Courts

Mayberry alleges he was denied access to the courts when Schlarf allegedly interfered with the mailing of a notice of tort claim and caused him to miss the deadline

2

to file it. ECF 22-1 at 4-5. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

    Mayberry was not allowed to proceed on this claim earlier because he did not plausibly allege that a potentially meritorious claim was prejudiced. ECF 9 at 3-4. Here, Mayberry elaborates on the tort claim he alleges he missed out on because of Schlarf's

3

actions. He alleges he tried to file a Notice of Tort Claim regarding an incident that occurred earlier on March 10, 2022. ECF 22-1 at 8. He describes this tort claim:

> My notice of tort claim explained that [Nathanael] Angle owed me a duty to handle my legal mail in a manner consistent with Indiana state law and policy. And through outrageous and extreme conduct, Angle breached that duty, thereby depriving me of a legal right and expectation to receive legal mail in the manner prescribed by Indiana state law and policy. And, consequently I suffered a legal and compensable injury for which I was seeking monetary damages.

ECF 22-1 at 5 n.3. Mayberry alleges that on September 4, 2022, (just two days before the 180-day period following March 10, 2022, would end), he sent out the Notice of Tort Claim to be mailed, but Schlarf withheld its delivery and made him miss the deadline to file a tort claim. *Id.* at 5.

Mayberry's account does not plausibly allege his tort claim was potentially meritorious. The alleged injury he asserted in the tort claim was that Angle did not properly follow Indiana law or Indiana Department of Correction policy when handling his legal mail, but no resulting harm was identified. *See* IND. CODE § 11-11-3-4 (provision governing inspection and reading of prisoner correspondence); Indiana Dep't of Corr., Offender Correspondence, Policy and Administrative Procedure No. 02-01-103 (eff. date Aug. 15, 2022), available at https://www.in.gov/idoc/files/02-01-103-Correspondence-8-15-2022.pdf (last visited July 25, 2023).

There is no private right of action under Indiana law for a violation of Indiana statutes governing the IDOC absent an express grant to that effect in the statute. *See Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505, 510 (Ind. 2005) ("[T]he Legislature does not intend that inmates have a private right of action to enforce these statutes [concerning prison discipline]"); *Kimrey v. Donahue*, 861 N.E.2d 379, 380-83 (Ind. Ct. App. 2007)

4

(noting the statute governing prisoners' receipt of printed matter specifies that IDOC actions "may be challenged through the grievance procedure" and applying *Blanck* to conclude that means the Legislature did not intend for there to be a private right of action in the courts). There is no provision in Indiana Code § 11-11-3-4 providing a private right of action, and it specifies that IDOC action "may be challenged through the grievance procedure." This precludes a tort claim based on Indiana law.

Nor can Mayberry sue under state law to enforce compliance with IDOC policies. *See Higgason v. Ind. Dep't of Corr.*, 883 N.E.2d 812, 814 (Ind. 2008) (Indiana courts have no power to review state agency actions "related to an offender within the jurisdiction of the department of correction"). Because the complaint does not plausibly allege the underlying tort claim was potentially meritorious, there is no claim for a denial of access to the courts. *See In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) (concluding prisoner did not state a claim for denial of access to the courts because he did not identify a nonfrivolous, arguable claim in the underlying case at issue).

Even if Mayberry had a claim, he suffered no injury due to Schlarf's alleged actions. He alleges that he missed the 180-day deadline to file notice of a tort claim. However, because his claim did not concern property loss, the applicable filing period was 270 days. Under the Indiana Tort Claims Act, notice of a claim against the state or a state agency must be filed within 270 days after the loss occurs. IND. CODE § 34-13-3-6. The Indiana Department of Correction is a state agency, so this provision would apply, absent an exception. *See Feldhake v. Buss*, 36 N.E.3d 1089, 1094 (Ind. Ct. App. 2015) (applying 270-day period to prisoner's negligence claim for injuries incurred falling

5

from a pickup truck); *Yamobi v. Ind. Dep't of Corr.*, No. 2:11-cv-0001-WTL-TAB, 2011 WL 134279, at *1 (S.D. Ind. Jan. 14, 2011) (applying 270-day period to prisoner's claim that IDOC was negligent in failing to protect him from harm after he was stabbed). An exception is carved out when a prisoner is seeking recovery for loss of property; in that case, a shorter, 180-day period applies. IND. CODE § 34-13-3-7(a); *see also* Indiana Dep't of Corr., Tort Claims for Property Loss, Policy and Administrative Procedure No. 00-01-104 (eff. date Feb. 1, 2013), at 2, available at https://www.in.gov/idoc/files/00-01-104-Tort-Claims-2-1-2013.pdf (last visited July 25, 2023), ("This administrative procedure covers only those claims filed by offenders . . . who have alleged a <u>loss of personal property</u> due to actions or omissions by Department staff. (emphasis added)).

This means that Mayberry had until December 5, 2022, to file a Notice of Tort Claim regarding the alleged tort that occurred on March 10, 2022. A grievance attached to his proposed amended complaint establishes that he knew of the problem with the mail by September 28, 2022. ECF 22-2 at 90. He had time to re-submit the tort claim before the deadline ran but did not do so. Schlarf was thus not responsible for him losing the opportunity to file this claim.

### (2) Impinging on Attorney-Client Privilege

Mayberry alleges that in September 2022, Schlarf opened private legal communication between Mayberry and his attorney, Steven H. Schutte, outside of his presence and without a valid reason. ECF 22-1 at 6. Steven H. Schutte is representing Mayberry in his state postconviction proceedings. *See Mayberry v. Indiana*, No. 71D03-2105-PC-000008 (St. Joseph Super. Ct. filed May 6, 2021), *available at* mycase.indiana.gov.

Prisoners generally have no right to privacy in outgoing correspondence. *See United States v. Whalen*, 940 F.2d 1027, 1035 (7th Cir. 1991) ("[B]ecause of their reasonable concern for prison security and inmates' diminished expectations of privacy, prison officials do not violate the constitution when they read inmates' outgoing letters." (alteration in original) (quoting *United States v. Brown*, 878 F.2d 222 (7th Cir. 1989)). However, the constitution places heightened protection on "legal mail," defined as mail to and from an inmate's attorney and properly designated as such because of the potential for interference with his right of access to the courts. *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999); s*ee also Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). But the one-time opening of a letter to an attorney is insufficient to state a claim in the absence of a detriment to a specific legal claim or being part of an ongoing practice or interfering with mail to his attorney. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Jones v. Walker*, 358 Fed. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim where it did not adversely impact his ability to litigate a specific matter and was not part of an ongoing practice of legal mail interference). There is no such allegation here.

### (3) State-Law Claims

Finally, Mayberry cannot proceed on the State-law claims because Schlarf is immune from being sued personally for these acts, which Mayberry alleges were done within the scope of her employment. *See* ECF 22-1 at 9 ("SCHLARF'S misconduct [regarding the intentional infliction of emotional distress claim] was undertaken within the scope of her employment with IDOC, while on duty, and under color of state law.";

7

*id.* at 10 ("SCHLARF'S misconduct [regarding the defamation *per se* claim] was undertaken within the scope of her employment with IDOC, while on duty, and under color of state law."); *id.* ("SCHLARF'S misconduct [regarding the perjury claim] was undertaken within the scope of her employment with IDOC, while on duty, and under color of state law."). "A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b); *see also Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment."). Therefore, these claims cannot proceed.

For these reasons, the court:

(1) GRANTS the motion to file an amended complaint (ECF 22);

(2) DIRECTS the clerk to separately docket the proposed amended complaint and exhibits (ECF 22-1, 22-2) as the Amended Complaint with attached exhibits;

(3) GRANTS Timothy Marcus Mayberry leave to proceed against Jenna Schlarf in her individual capacity for compensatory and punitive damages for retaliating against him for filing a lawsuit and prison complaint against her by refusing to mail his outgoing legal correspondence, reopening some of his legal correspondence and placing them in different envelopes, improperly tampering with his remittance slips for legal mail postage causing the postage to be denied, taking three of his books from his cell, and issuing a false conduct report against him in September 2022, in violation of the First Amendment;

8

(4) DISMISSES all other claims; and

(5) REMINDS Jenna Schlarf that under Fed. R. Civ. P. 15(a)(3) her answer to the amended complaint is due within 14 days.

SO ORDERED on July 25, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT