UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

        v.                        CAUSE NO. 3:23-CV-64-JD-JEM

JENNA SCHLARF,

    Defendant.

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, is proceeding in this case "against Jenna Schlarf in her individual capacity for compensatory and punitive damages for retaliating against him for filing a lawsuit and prison complaint against her by refusing to mail his outgoing legal correspondence, reopening some of his legal correspondence and placing them in different envelopes, improperly tampering with his remittance slips for legal mail postage causing the postage to be denied, taking three of his books from his cell, and issuing a false conduct report against him in September 2022, in violation of the First Amendment[.]" ECF 9 at 4-5. Caseworker Schlarf filed a motion for summary judgment, arguing Mayberry did not exhaust his administrative remedies before filing this lawsuit. ECF 36. Mayberry filed a response, and Caseworker Schlarf filed a reply. ECF 54, ECF 55, ECF 56, ECF 57. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citing *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (citing *Pozo v. McCaughtry*, 286

F.3d 1022, 1025 (7th Cir. 2002)). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). "A prisoner is required to exhaust only available administrative remedies and a remedy is not available if essential elements of the procedure for obtaining it are concealed." *Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011) (quotation marks and citation omitted). Moreover, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

In her summary judgment motion, Caseworker Schlarf argues Mayberry did not exhaust his available administrative remedies before filing this lawsuit because he submitted a relevant grievance but did not appeal the grievance office's denial of that grievance. ECF 37. In his response, Mayberry concedes he didn't fully exhaust any relevant grievance but argues his administrative remedies were unavailable because the Grievance Specialist didn't properly respond to his "Emergency Grievance." ECF 55.

The parties provide evidence showing the following facts: On September 28, 2022, Mayberry submitted an "Emergency Grievance" complaining that Caseworker Schlarf entered his cell and unjustly confiscated several books. ECF 36-3 at 5. At the top of the grievance, Mayberry wrote "EMERGENCY: I am being targeted by IDOC staff member Schlarf." *Id.* On October 13, 2022, Mayberry submitted a "Request for

3

Interview" form to the Grievance Specialist informing him he hadn't received any receipt or response to his Emergency Grievance. ECF 54-1 at 9. On October 20, 2022, before Mayberry received any receipt or response to his Emergency Grievance, he filed this lawsuit. ECF 3. On October 31, 2022, the grievance office registered Mayberry's Emergency Grievance as Grievance 146650 and issued a receipt, indicating it had "received" the grievance on October 28, 2022. *Id.*[1] On November 29, 2022, the grievance office denied Grievance 146650 on its merits because Caseworker Schlarf had a valid reason for confiscating the books. *Id.* at 3. Mayberry never appealed this response, but instead sent a response to the grievance office that "this response is out of time frame and therefore moot." *Id.* at 1; ECF 36-1 at 7-8; ECF 36-4 at 3.

Here, it is undisputed Mayberry didn't fully exhaust Grievance 146650. But Mayberry argues his administrative remedies were unavailable because the grievance office did not properly respond to Grievance 146650 as an Emergency Grievance, which left him without any available remedies. ECF 55 at 6-9.

The Offender Grievance Process defines an "Emergency Grievance" as "The resolution of a grievance that, if subjected to the normal time limits, could cause the grievant substantial risk of personal injury or irreparable harm." ECF 36-2 at 2. It is undisputed Mayberry labeled Grievance 146650 as an Emergency Grievance, and Caseworker Schlarf does not dispute that designation. ECF 57.[2]

---

[1] It's unclear why there was a month long delay between Mayberry submitting his Emergency Grievance and the grievance office "receiving" the grievance.

[2] Mayberry argues Grievance 146650 was properly designated as an Emergency Grievance because he was suffering ongoing "irreparable harm," as he was being retaliated against in violation of his First Amendment rights. ECF 55 at 6-7. He cites *Elrod v. Burns*, 427 U.S. 347, 373 (1976), for the proposition that irreparable harm is presumed when one's First Amendment rights are violated.

4

The Offender Grievance Process provides a different set of timelines for an Emergency Grievance than it does for a normal grievance. Specifically, the Offender Grievance Process provides the following:

> C. Emergency Grievances:
>
> The Offender Grievance Specialist shall immediately bring an emergency grievance to the attention of the Warden / designee for review and response within one (1) business day of recording the emergency grievance. The action on any emergency grievance may be appealed by the offender within one (1) business day of receiving the response. Upon the receipt of the appeal, the Offender Grievance Specialist shall notify, via email, the Department Offender Grievance Manager that the appeal has been submitted. The Department Offender Grievance Manager shall issue a final Department decision within five (5) business days of the offender filing the grievance. The initial response and final Department decision shall document the Department's determination whether the offender is in substantial risk of imminent danger and the action taken in response to the emergency grievance. The facility may discipline an offender for filing an emergency grievance in bad faith. The determination that a grievance is not an emergency may be appealed through the normal grievance procedures as directed in this policy and administrative procedure.

ECF 36-2 at 5.

Here, the undisputed facts show Mayberry's administrative remedies were unavailable at the time he filed this lawsuit. Specifically, Mayberry filed this lawsuit on October 20, 2022, nearly a month after he submitted his Emergency Grievance and a week after he sent a "Request for Interview" form to the Grievance Specialist notifying him of the lack of response to his Emergency Grievance. The Offender Grievance Process provides that the Department Offender Grievance Manager shall issue a final decision on an Emergency Grievance "within five (5) business days of *the offender filing the grievance.*" ECF 36-2 at 5 (emphasis added). Because Mayberry filed his Emergency

Grievance on September 28 and hadn't received any receipt or response for more than three weeks when he filed this lawsuit on October 20, despite notifying the Grievance Specialist of the lack of response, his administrative remedies were unavailable at the time he filed this lawsuit.

Moreover, the undisputed facts show Mayberry's administrative remedies remained unavailable even after he filed this lawsuit because the Grievance Specialist did not comply with the Offender Grievance Process' instructions for handling an Emergency Grievance. Specifically, it's undisputed that (1) Mayberry submitted his Emergency Grievance on September 28, 2022; (2) the Grievance Specialist received the Emergency Grievance on October 28, 2022; and (3) the Grievance Specialist issued a receipt for the Emergency Grievance on October 31, 2022. It's unclear why there was such a delay between Mayberry's filing of his Emergency Grievance and the Grievance Specialist's receipt of the grievance but, regardless, the undisputed facts show the Grievance Specialist did not comply with the "Emergency Grievance" timelines once he received the grievance.

Specifically, the Offender Grievance Process provides that, once an Emergency Grievance is received by the grievance office, the grievance office shall immediately bring the Emergency Grievance to the attention of the warden within one business day of recording the Emergency Grievance, and shall issue a final decision on the Emergency Grievance within five business days of the inmate filing the grievance. ECF 36-2 at 5. The Grievance Specialist did not comply with these requirements, as he recorded Mayberry's Emergency Grievance on October 31, 2022, and waited until

6

November 29, 2022, to issue any response to the grievance. Moreover, while the Offender Grievance Process did not require the Grievance Specialist to accept Mayberry's designation of his grievance as an Emergency Grievance, it provides that the grievance response "shall document the Department's determination whether the offender is in substantial risk of imminent danger and the action taken in response to the emergency grievance," and that Mayberry can then appeal that designation. ECF 36-2 at 5. Here, the Grievance Specialist's response to Grievance 146650 did not document any decision regarding whether the grievance was properly designated as an Emergency Grievance, and instead seemed to only ignore that designation.

Accordingly, Mayberry has provided evidence the Grievance Specialist made his administrative remedies unavailable by failing to comply with the Offender Grievance Process' requirements for handling an Emergency Grievance. In her reply, Caseworker Schlarf does not discuss this argument or address the Emergency Grievance portions of the Offender Grievance Process. ECF 57. Therefore, Caseworker Schlarf has not carried her burden to show Mayberry had available administrative remedies he didn't exhaust before filing this lawsuit.

For these reasons, the court DENIES Caseworker Schlarf's summary judgment motion (ECF 36).

SO ORDERED on September 24, 2024

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT

7