UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-64-JD-JEM |
| JENNA SCHLARF, | |
| Defendant. | |

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion for leave to amend the complaint. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). In the interest of justice, the court grants the motion for leave to amend. Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In a prior screening order, the court allowed Mayberry to proceed against Jenna Schlarf in her individual capacity for retaliating against him for filing a lawsuit and prison complaint against her by refusing to mail his outgoing legal correspondence, reopening some of his legal correspondence and placing them in different envelopes, improperly tampering with his remittance slips for legal mail postage causing the postage to be denied, taking three of his books from his cell, and issuing a false conduct

report against him in September 2022, in violation of the First Amendment. ECF 25. The court also denied him leave to proceed on State law claims based on the same facts, reasoning that the Indiana Tort Claims Act barred him from asserting State law claims against State employees acting within the scope of their employment. *Id.* at 7-8. In the prior amended complaint, Mayberry expressly alleged that Caseworker Schlarf committed the alleged misconduct "within" the scope of her employment. ECF 26.

In the proposed amended complaint (ECF 62), Mayberry reasserts State law claims against Caseworker Schlarf and now alleges that the same course of alleged misconduct was "clearly outside the scope of her employment." The Indiana courts defines "scope of employment" broadly for purposes of the Indiana Tort Claims Act:

> The Indiana Supreme Court has held that the fact of criminal conduct standing alone is not dispositive of whether the employee was acting outside the scope of employment. Rather, conduct of the same general nature as that authorized, or incidental to the conduct authorized, is within the employee's scope of employment. An act is incidental to authorized conduct when it is subordinate to or pertinent to an act which the servant is employed to perform or when it is done to an appreciable extent, to further his employer's business.

*Stone v. Wright,* 133 N.E.3d 210, 217 (Ind. Ct. App. 2019); *see also Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000) ("Even tortious acts may fall within the scope of employment."). However, at this time, the court lacks substantial information regarding the scope of Caseworker Schlarf's employment, so the court will not dismiss the State law claims as barred under the Indiana Tort Claims Act at this stage of the proceedings.

2

The court further finds that Mayberry has plausibly alleged State law claims of intentional infliction of emotional distress and defamation against Caseworker Schlarf. *See Bah v. Mac's Convenience Stores, LLC*, 37 N.E.3d 539, 549 (Ind. Ct. App. 2015) (intentional infliction of emotional distress); *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 186 (Ind. 2010) (defamation). With respect to negligent infliction of emotional distress, the Indiana Supreme Court has articulated the following:

> The right to seek damages for emotional distress in actions for negligence often referred to as actions for negligent infliction of emotional distress, is carefully circumscribed under Indiana jurisprudence. We have never permitted, nor do we today, an action seeking damages for emotional distress predicated upon a breach of an alleged duty not to inflict emotional injury on another. Such independent, stand-alone actions for negligent infliction of emotional distress are not cognizable in Indiana. But actions seeking damages for emotional distress resulting from the negligence of another are permitted in two situations: where the plaintiff has (1) witnessed or come to the scene soon thereafter the death or severe injury of certain classes of relatives (i.e., the bystander rule) or (2) suffered a direct impact (i.e., the modified impact rule).

*Spangler v. Bechtel*, 958 N.E.2d 458, 466 (Ind. 2011). "The modified impact rule maintains the requirement of a direct physical impact." *Conder v. Wood*, 716 N.E.2d 432, 434 (Ind. 1999) (cited with approval in *K.G. by Next Friend Ruch v. Smith*, 178 N.E.3d 300, 306 (Ind. 2021)). "However, the impact need not cause a physical injury to the plaintiff and the emotional trauma suffered by the plaintiff need not result from a physical injury caused by the impact." *Id.* There are no allegations that Mayberry was present during the death or injury of a relative or that Caseworker's Schlarf's alleged misconduct had any physical impact on Mayberry. Therefore, he may not proceed on a claim of negligent infliction of emotional distress.

3

Mayberry also asserts a State law claim of perjury against Caseworker Schalrf, citing Indiana criminal statute Ind. Code § 35-44.1-2-1. The court is unable to find any Indiana cases recognizing perjury as a civil tort claim rather than a criminal offense. Further, the offense of perjury contemplates an intentionally false statement under oath. *See e.g.,* 18 U.S.C. § 1621; Ind. Code § 35-44.1-2-1(a). There is no allegation that Caseworker Schlarf made any statements under oath, intentionally false or otherwise. Mayberry may not proceed on this claim.

For these reasons, the court:

(1) GRANTS the motion for leave to amend the complaint (ECF 62);

(2) GRANTS Timothy Marcus Mayberry leave to proceed against Jenna Schlarf in her individual capacity for compensatory and punitive damages for retaliating against him for filing a lawsuit and prison complaint against her by refusing to mail his outgoing legal correspondence, reopening some of his legal correspondence and placing them in different envelopes, improperly tampering with his remittance slips for legal mail postage causing the postage to be denied, taking three of his books from his cell, and issuing a false conduct report against him in September 2022, in violation of the First Amendment;

(3) GRANTS Timothy Marcus Mayberry leave to proceed on State law claims of intentional infliction of emotional distress and defamation against Jenna Schlarf in her individual capacity for compensatory and punitive damages based on the same allegations;

(4) DISMISSES all other claims; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Jenna Schlarf to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Mayberry has been granted leave to proceed in this screening order.

SO ORDERED on September 30, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT